UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEVERLY DILLON as Trustee of
L.I.G. TRUST AND EL FUENTE
TRUST, et. al.,

                Plaintiffs,

v.                              CASE: 8:98-CV-2237-T-23TGW

AXXSYS INTERNATIONAL, INC.,
f/k/a INTERNET ACCESS CO.,
INC., et. al.,

                Defendants.

_____

<u>REPORT AND RECOMMENDATION</u>

        This cause came on for consideration upon the Plaintiffs' Motion for Award of Attorneys' Fees and Costs (Doc. 360-1) and Defendant Austin's Motion for Award of Attorney's Fees and Costs (Doc. 363). I recommend that the plaintiffs' unopposed motion for attorneys' fees be granted against defendant Adam Reiser in the requested amount of $710,533. I recommend further that the plaintiffs, as the prevailing parties, be awarded costs against defendants Reiser and Deborah Austin in the amount

of $25,113.97.  In addition, I recommend that Austin's motion for fees and costs against the plaintiffs be denied because she was not the prevailing party and because an award of fees would be unjust.

## I.

This case proceeded to verdict on claims of violations of the Florida Securities and Investor Protection Act under §§ 517.07 and 517.301, Fla. Stats.; the Uniform Fraudulent Transfer Act, Chap. 726, Fla. Stat.; and fraud in the inducement.  The jury found that Reiser was liable on all four counts and that Austin was liable for violating §517.07 and the Fraudulent Transfer Act (Doc. 338).  On Austin's motion, the verdict on the §517.07 violation was overturned (Doc. 358).  Judgment was entered against Reiser for $1,025,316, and against both Reiser and Austin for $190,000 (Doc. 359).  This judgment was affirmed on appeal (Doc. 391).

In the meantime, the plaintiffs filed a motion for attorneys' fees against Reiser in the amount of $710,533 (Doc. 360-1), and for costs against Reiser and Austin in the amount of $46,721.72 (id.).  Reiser did not respond to the motion.  Austin, however, not only opposed the plaintiffs' claim against her for costs (Doc. 371), but filed her own motion against the plaintiffs for

2

attorneys' fees and costs (Doc. 363).  After the motions were referred to me for a report and recommendation (Doc. 366), certain procedural steps were taken to address the issues.

Because both the plaintiffs and Austin were claiming to be prevailing parties, it was concluded that resolution of the motions should await the decision by the court of appeals with respect to the parties' claims. After the decision was rendered, a hearing was held at which the plaintiffs claimed that, under federal law, they were the prevailing party, and Austin asserted that, under the Florida Securities and Investor Protection Act, she was the prevailing party (and neither side seemed to respond meaningfully to the other side's contention concerning the applicable law).

## II.

A.  The plaintiffs seek attorneys' fees from Reiser in the amount of $710,533 pursuant to §517.211(6), Fla. Stat.  That provision states:

> In any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party unless the court finds that the award of such fees would be unjust.

The plaintiffs are unquestionably the prevailing party against Reiser on the claims under the Florida Securities and Investor Protection Act. Moreover, there is certainly no basis for concluding that an award of attorneys' fees against Reiser would be unjust. Consequently, the plaintiffs are entitled to a fee award under §517.211(6).

The plaintiffs have submitted an affidavit and detailed statement in support of their claim for attorneys' fees (Doc. 362). Importantly, Reiser has not challenged that submission and is therefore deemed to have no objection to that claim. <u>See</u> Local Rule 3.01(b). Nevertheless, it is noted that the hourly rates appear reasonable (<u>see</u> Doc. 362, aff. p. 3). However, in the absence of a specific challenge, I am not prepared to review plaintiffs' attorneys' voluminous time records. Accordingly, I recommend that the plaintiffs be granted attorneys' fees against Reiser in the amount of $710,533.

B. The plaintiffs also seek an award of costs against both Reiser and Austin under Rule 54(d)(1), F.R.Civ.P., based on their status as prevailing party (Doc. 360, p. 6). Although Reiser did not challenge the plaintiffs' motion in any respect, Austin did object to the claim for costs. Moreover, she seeks reimbursement of her own costs and an award of fees based on the

contention that she, not the plaintiffs, prevailed on the majority of claims between these two parties, and that the claims on which she prevailed statutorily allow for an award of fees (but not costs) to the prevailing party (Doc. 371, p. 3 and Doc. 363, pp. 1-2).

The determination of who qualifies as the prevailing party in federal court for the purpose of awarding costs is governed by federal law. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 439-40 (1987). Under Rule 54(d)(1), F.R.Civ.P., "costs other than attorneys' fees shall be allowed as of course to the prevailing party...."  The Eleventh Circuit has explained:

> To be a prevailing party a party need not prevail on all issues....  Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)....  A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims....  Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

Fireman's Fund Ins. Co. v. Tropical Shipping and Const. Co., Ltd., 254 F.3d 987, 1012 (11th Cir. 2001)(quoting Head v. Medford, 62 F.3d 351, 354 (11th

Cir. 1995)).  Applying this standard to the judgment entered against Austin, the plaintiffs are clearly the "prevailing party" since they recovered a judgment of $190,000.

Notwithstanding the plaintiffs' successful claim, Austin objects to an award of costs to the plaintiffs because (1) they lost on the majority of their claims against Austin, (2) their successful fraudulent conveyance claim was minor compared to the unsuccessful securities claims, and (3) their successful fraudulent conveyance claim could have been a distinct cause of action separate from the securities claims (Doc. 371, pp. 3-6).  These contentions, however, are meritless on the issue of costs.

In the first place, the Eleventh Circuit, as indicated, has established the rule that a plaintiff may attain prevailing party status under Rule 54(d) even if she only obtains judgment on a fraction of the claims advanced.  See Fireman's Fund Ins. Co. v. Tropical Shipping and Const. Co., Ltd., supra, 254 F.3d at 1012; Head v. Medford, supra, 62 F.3d at 354; see also United States v. Mitchell, 580 F.2d 789, 793-94 (5th Cir. 1978)(rejecting contention that plaintiff, who lost two of three claims, was not the prevailing party).  The determinative factor here is that the plaintiffs received a $190,000

judgment against Austin.  That makes them the prevailing party.  Austin's argument that the court should consider her the prevailing party because she prevailed on three out of four claims is not persuasive.  Moreover, just because the judgment against Austin could have been worse does not mean she prevailed. Davis v. Prudential Securities, Inc., 59 F.3d 1186, 1195 (11th Cir. 1995).

With respect to Austin's contention that the fraudulent transfer claim was minor or insignificant compared to the securities claims, a judgment of $190,000 can hardly be called minor or insignificant, but even if it were, "the prevailing party inquiry does not turn on the magnitude of the relief obtained." Id.  Furthermore, the Supreme Court has stated that labeling issues as "central" or "tangential" and "primary" or "secondary" is essentially unhelpful in determining who is the prevailing party.  Texas State Teachers Ass'n. v. Garland Indep. School Dist., 489 U.S. 782, 791 (1989).

Because the plaintiffs were the prevailing party within the meaning of Rule 54(d)(1), they are entitled to recover costs from Austin. Since the plaintiffs have not pointed to any statute or rule allowing a greater recovery of expenses, the costs that are recoverable are those set forth in 28

U.S.C. 1920.  <u>Crawford Fitting Co.</u> v. <u>J.T. Gibbons, Inc.</u>, <u>supra</u>, 482 U.S. at 445.  In this connection, the plaintiffs seek reimbursement in the amount of $46,721.72 for filing fees, process server fees, court reporter fees, witness fees, photocopying, mediation, and expert fees (Doc. 361, Bill of Costs).  These costs, which are delineated in exhibits A-F (Docs. 361-2 through 361-7), correspond to a great extent, but not entirely, with the categories in §1920.

Austin has filed an objection to the Bill of Costs, arguing that the plaintiffs are not entitled to some of the costs for which they seek recovery (Doc. 371, pp. 7-10).  Consequently, Austin requests that the plaintiffs' cost award "be reduced by at least Five Thousand Eight Hundred Twenty-Eight and 63/100 ($5,828.63)" (<u>id</u>. at p. 10).  In fact, the request should be reduced by a greater amount, since some of the claimed costs are clearly not recoverable, notably the fee of $17,188.20 for an expert report.  Accordingly, the plaintiffs should be awarded $25,113.97 for costs under §1920 and Rule 54(d).

As indicated, the plaintiffs have grouped the costs for which they seek compensation in six exhibits.  Exhibit A pertains to fees of the Clerk (Doc. 361-2).  It lists $205 for the Hillsborough County filing fee for this

lawsuit, and $30 for the filing of a consent judgment.  The $205 expense is taxable, <u>see</u> 28 U.S.C. 1920(1), and Austin has not objected to reimbursement of this cost.  Accordingly, the $205 filing fee should be awarded.

However, Austin objects to the $30 consent judgment filing fee, contending that this is "a cost which had absolutely nothing to do with the litigation" (Doc. 371, p. 7).  The plaintiffs do not challenge this objection (Doc. 394, pp. 1-2).  Accordingly, the fees of the Clerk awarded to the plaintiffs should be discounted by $30, so that the reimbursement in this category should be $205.

The plaintiffs next request $2,026 for the service of summonses and subpoenas (Doc. 361-3).  Compensation of this expense is authorized under 28 U.S.C. 1920(1), whether service of process is effected by the marshal or a private process server, as long as the cost does not exceed the authorized statutory fee.  <u>U.S. E.E.O.C.</u> v. <u>W&O, Inc.</u>, 213 F.3d 600, 624 (11th Cir. 2000).

Austin objects to compensation for service of process to the extent that the charges exceed $45 per item (Doc. 371, p. 7).  In support of this contention, Austin cites to the plaintiffs' memorandum in opposition to Austin's motion for costs, in which the plaintiffs argued that service of

process fees should be limited to $45 per item pursuant to 28 C.F.R. 0.114 (see Doc. 370, p. 5). Regardless of the merits of that argument, the plaintiffs do not challenge Austin's objection that the cost of the service of summonses and subpoenas should be reduced by $636 (Doc. 394, pp. 1-2). Accordingly, $636 should be discounted from the requested costs delineated in Exhibit B (Doc. 361-3) for the fees related to the service of summonses and subpoenas. Thus, the recoverable costs in this category amount to $1,390.

The plaintiffs also seek $13,592.31 for court reporter fees, stenographic transcripts of depositions of individuals and hearings, and a video deposition (Doc. 361-4). Austin objects to taxation for transcription of many depositions and hearings on the basis that the plaintiffs are "requesting fees for transcripts of witnesses that were never called to trial, were unnecessary, or [were] from other cases" (Doc. 371, p. 8).

Taxation of deposition costs is authorized by §1920(2), which provides for reimbursement of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Thus, "[t]he question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially

necessarily obtained for use in the case." U.S. E.E.O.C. v. W&O, Inc., supra, 213 F.3d at 620-21.  Significantly, "[i]t is not necessary to use a deposition at trial for it to be taxable." Id. at 621.  For example, costs "associated with the depositions submitted by the parties in support of their summary judgment motions" are taxable.  Id. (quoting Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997)).  On the other hand, "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. at 620 (quoting Goodwall Const. Co. v. Beers Const. Co., 824 F.Supp. 1044, 1066 (N.D. Ga. 1992)).

Austin objects to compensating the plaintiffs for the deposition transcripts of Axxsys International totaling $124, arguing that "[n]either of these depositions advanced Plaintiffs['] case at trial, nor were they used to help prepare Plaintiffs['] case for trial" (Doc. 371, p. 8).  The "Plaintiffs concede Austin's objections as to ... the depositions of the Axxsys International corporate representative and Axxsys" (Doc. 394, p. 2).  Thus, this category of costs should be reduced by $124 due to the elimination of these two depositions.

Further, Austin objects to a $267.50 charge for certified copies of transcripts from the divorce proceedings between defendants Austin and Reiser on the basis that they are unrelated to this case, and the transcripts were not necessary for the plaintiffs' trial preparation (Doc. 371, p. 9). The plaintiffs also "concede Austin's objections as to ... [the] $267.50 for deposition transcripts in the 'family law case' between Austin and Adam Reiser" (Doc. 394, p. 2). This warrants another reduction in this category in the amount of $267.50.

Next, Austin argues that the plaintiffs are not entitled to recovery for expenses related to their transcription of three court hearings (Doc. 371, pp. 8-9). In this regard, the plaintiffs seek $137.95 for the transcript of a hearing before Magistrate Judge Jenkins on March 2, 2000; $283.80 for the transcription of the summary judgment hearing; and $24.07 for a copy of a hearing on a motion to dismiss (id. at p. 8; Doc. 361-4, pp. 1-2). Austin contends that these fees are not compensable because none of these transcripts were used at trial or necessary for the plaintiffs to try their case (Doc. 371, pp. 8-9). The plaintiffs do not challenge Austin's objection to reimbursement for

transcription of these court hearings.  These unchallenged objections reduce this category another $445.82.

Austin contends that the plaintiffs are not entitled to $988.72 for court reporter and transcription fees related to the depositions of Edward Colson, Harry Winderman and Charles Wheelus, as well as $820.45 for the deposition transcripts of Colson and Harold Van Arnem, because they were not called to testify at trial (Doc. 371, pp. 8-9).  The plaintiffs challenge the discounting of these fees, arguing that the depositions were necessarily obtained for use in the case and their costs are therefore recoverable (Doc. 394, p. 2).

The plaintiffs have listed the name of each deponent's transcript for which it seeks compensation, and counsel has averred that they were necessarily obtained for use in this case.  Under these circumstances, the defendant must pose a specific objection to any deposition transcript she believes was not taxable. See Helms v. Wal-Mart Stores, Inc., 808 F.Supp. 1568, 1571 (N.D. Ga.1992), aff'd, 998 F.2d 1023 (11th Cir.1993)("since both parties should be aware of the reasons to take a deposition, ... the non-prevailing party should explain why the court should

not grant that cost"); <u>Desisto College, Inc.</u> v. <u>Town of Howey-in-the-Hills</u>, 718 F.Supp. 906, 910 n. 1 (M.D. Fla. 1989), <u>aff'd</u>, 914 F.2d 267 (11th Cir. 1990).

Austin objects to reimbursement of court reporter fees for the depositions of Colson, Winderman and Wheelus because they "were not called to testify at trial" (Doc. 371, p. 8). However, this is not the test for determining whether such fees are recoverable; rather, the question is "whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" <u>U.S. E.E.O.C.</u> v. <u>W&O, Inc.</u>, <u>supra</u>, 213 F.3d at 620-21, <u>quoting</u> <u>Newman</u> v. <u>A.E. Staley Mfg. Co.</u>, 648 F.2d 330, 337 (5th Cir. 1981).

The plaintiffs point out that "[p]ortions of the Colson deposition were read to the jury at trial" (Doc. 394, p. 2), so that the cost for this deposition is clearly recoverable. The plaintiffs add that the Winderman and Wheelus deposition transcripts are taxable because "designations of the[ir] deposition testimony ... to be read at trial were made and served on Austin" (<u>id</u>.). These designations evidence that the deponents possessed information relevant to the case and that the deposition costs are  taxable even though their testimony was not presented at trial.  <u>See</u>  <u>U.S. E.E.O.C.</u> v. <u>W&O, Inc.</u>,

supra, 213 F.3d at 622.  Further, the plaintiffs correctly assert that the cost of

the deposition transcript of Van Arnem was recoverable because he was listed

as a trial witness (Doc. 394, p. 2).  The Eleventh Circuit has stated (U.S.

E.E.O.C. v. W&O, Inc., supra, 213 F.3d at 621 (citations omitted)):

> Taxation of deposition costs of witnesses on the
> losing party's witness list is reasonable because the
> listing of those witnesses indicated both that the
> [prevailing party] might need the deposition
> transcripts to cross-examine the witnesses and that
> "the information those people had on the subject
> matter of this suit was not so irrelevant or so
> unimportant that their depositions were outside the
> bound of discovery."

Therefore, plaintiffs are entitled to the costs related to the depositions of

Winderman, Wheelus, Van Arnem, and Colson.  There are, however, three

reductions in this category, bringing the recoverable costs down to

$12,754.99.

The plaintiffs also seek $10,329.90 in photocopying costs (Doc.

361-5), of which $2,390.55 pertains to outside photocopying fees.   Austin

argues that this request is excessive (Doc. 371, pp. 9-10).

Under §1920(4), photocopying "necessarily obtained for use in

the case" is compensable.  In making this determination, "the court should

consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." U.S. E.E.O.C. v. W&O, Inc., supra, 213 F.3d at 623. Although a prevailing party may not recover for general photocopying, Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996), photocopying costs "attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits and documents prepared for the Court's consideration are recoverable." Desisto College, Inc. v. Town of Howey-in-the-Hills, supra, 718 F.Supp. at 913; see also U.S. E.E.O.C. v. W&O, Inc., supra, 213 F.3d at 623 ("copies attributable to discovery are a category of copies recoverable under §1920(4)").

The burden of establishing entitlement to photocopying expenses lies with the prevailing party. See Desisto College, Inc. v. Town of Howey-in-the-Hills, supra, 718 F.Supp. at 910, n.1; Fulton Fed. Savings & Loan Assoc. of Atlanta v. American Ins. Co., 143 F.R.D. 292, 300 (N.D. Ga. 1991) (explaining that the party seeking to recover photocopy costs must come "forward with evidence showing the nature of the documents copied and how they were used"). However, this does not require an accounting for each

16

photocopy because that would make it impossible economically to recover those expenses.  Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991).

Austin objects to all but $72.81 of the sum sought for outside photocopying fees.  Austin argues that $1,743.18 in photocopying costs should be discounted because the photocopies are merely identified as "document production" (Doc. 371, p. 9).

Unlike the deposition transcripts, the plaintiffs' failure to describe the purpose of the copies makes it impossible to discern whether the copies are compensable under this statute.  Importantly, the burden of establishing entitlement to photocopying expenses lies with the prevailing party because they are generally costs within the exclusive knowledge of the prevailing party.  Desisto College, Inc. v. Town of Howey-in-the-Hills, supra, 718 F.Supp. at 910 n.1.  Conspicuously missing from the exhibit is the nature of the photocopying.  See Fulton Fed. Savings & Loan Assoc. of Atlanta v. American Ins. Co., supra, 143 F.R.D. at 300.  Thus, "document production" is too vague to permit the court to make the determination of whether the photocopying was "necessarily obtained for use in the case."

§1920(4).  Since the plaintiffs have not described the photocopying costs sufficiently to permit a determination of whether the photocopies were necessarily obtained for use in the case, reimbursement for $1,743.18 should be rejected.  See Desisto College, Inc. v. Town of Howey-in-the-Hills, supra, 718 F.Supp. at 914.

Austin also contends that she should not be taxed for photocopying of bankruptcy and divorce documents pertaining to Austin and Reiser (Doc. 371, p. 9).  In this regard, the plaintiffs seek $125.06 for copies of bankruptcy documents, and $449.50 for copies of divorce papers (Doc. 361-5).  Plaintiffs agree that these costs are not recoverable (Doc. 394, p. 3). Thus, plaintiffs' request for reimbursement of outside copying fees should be further reduced by $574.56.

Austin also objects to the in-house photocopying and disputes the amount of $198.40 (Doc. 371, pp. 9-10).  The plaintiffs do not object to a reduction in that amount in connection with in-house photocopying costs (Doc. 394, p. 3).  The recoverable costs in this category therefore amount to $7,813.76.

The plaintiffs also seek $2,950.22 in witness fees for witnesses who appeared for their depositions and trial (Doc. 361-6).  The requested costs for each witness range in amount from $40 to $1,000.76 (id.).  Significantly, Austin poses no objection in her opposition memorandum to reimbursement of any of these costs (see Doc. 371).

Section 1920(3) authorizes reimbursement for witness fees. Specifically, 28 U.S.C. 1821(b) provides that a witness "shall be paid an attendance fee of $40 per day for each day's attendance."  Additionally, "[a]ll normal travel expenses within and outside the judicial district shall be taxable as costs" as well.  §1821(c)(4).  Such expenses include expenses for transportation, parking, and overnight accommodations, when necessary. §1821(c)(1),(3); (d)(1).  Since the requested costs are of the type authorized by statute, and Austin has not objected to the plaintiffs' request, the plaintiffs should be awarded $2,950.22 for witness fees under §1920(3).

The final category for which the plaintiffs seek reimbursement under Rule 54(d) is entitled "Other Costs" (Doc. 361-7).  This category contains two items: A mediation fee of $400 and $17,188.29 for "Fees for preparation of Expert Report" (id.).  The plaintiffs have not identified the

19

statutory basis under which these expenses are taxable, and there apparently is none.

Although Austin has not objected to either of these expenses, because they clearly are not authorized by the applicable statutes, they should be rejected.  Corwin v. Walt Disney Co., ___ F.3d ___, 2006 WL 3091464 **12-13 (11th Cir. 2006).  As previously indicated, "a court may only tax costs as authorized by statute."  U.S. E.E.O.C. v. W&O, Inc., supra, 213 F.3d at 620.  Expert witness fees, in excess of a $40 attendance fee, are not authorized under §1920, and, therefore, the claim of $17,188.29 should be rejected. Corwin v. Walt Disney Co., supra, 2006 WL 3091464 at *12; Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 463 (11th Cir. 1996).  Similarly, the mediation cost is not an authorized expense under §1920.  Corwin v. Walt Disney Co., supra, 2006 WL 3091464 at *13.

In sum, the plaintiffs are entitled to be reimbursed for the following costs:

| | |
|---|---|
| Exhibit A: | $     205.00 |
| Exhibit B: | $  1,390.00 |
| Exhibit C: | $ 12,754.99 |
| Exhibit D: | $  7,813.76 |
| Exhibit E: | $  2,950.22 |

Exhibit F:       $     0.00
Total:          $ 25,113.97

As indicated, Reiser failed to respond to the plaintiffs' motion for attorneys' fees and costs.   While that lack of opposition resulted in a recommendation that the plaintiffs recover the entire amount of fees that were claimed, the same result is not warranted with respect to costs.   The issue of costs has been considered, and it has been determined that the plaintiffs should recover costs of $25,113.97, not $46,721.72.   There is no justification for permitting the plaintiffs to recover from Reiser costs that have been found to be nonrecoverable.   See Corwin v. Walt Disney Co., supra, 2006 WL 3091464 at **12-13.   Thus, costs should be assessed against Reiser in the amount of $25,113.97.

### III.

Austin argues that, because she prevailed on the claims regarding the Florida Securities and Investor Protection Act, she is entitled to her fees and costs under §517.211(6), Fla. Stat.   To iterate, that provision states:

> In any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party unless the

court finds that the award of such fees would be unjust.

There is nothing in §517.211(6) authorizing the recovery of costs; it deals only with attorneys' fees. Moreover, as already explained, state law "does not control the issue of costs in federal court." Sales v. Marshall, 873 F.2d 115, 122 (6th Cir. 1989). Rather, in an action brought in federal court, the award of costs is a matter of federal procedure and therefore governed by Rule 54(d), F.R.Civ.P. Barneby v. E.F. Hutton & Co., 130 F.R.D. 679, 683-84 (M.D. Fla. 1990). Because the plaintiffs are the prevailing party under Rule 54(d), as previously discussed, Austin is not entitled to costs under that rule. Consequently, there is no basis for awarding costs to Austin.

With respect to attorneys' fees, however, the plaintiffs' status as prevailing party under Rule 54(d) does not end the inquiry. Thus, it appears that Florida law permits more than one prevailing party in the same lawsuit, as reflected in Folta v. Bolton, 493 So.2d 440 (Fla. 1986).

Folta involved a situation where a plaintiff in a medical malpractice action brought five separate claims against a single hospital. Id. at 441. The claims involved different acts that took place at different times by

different hospital employees that resulted in different injuries.  Id.  After the plaintiff prevailed on only one of the five claims, the defendant sought attorneys' fees for the claims upon which he prevailed.  The Florida Supreme Court approved that approach, stating that, "where each claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, the prevailing party on each distinct claim is entitled to an award of attorney's fees for those fees generated in connection with that claim."  Id. at 442.  Folta does not apply, however, if the claims are not separate and distinct, but are instead alternative theories of recovery, or are intertwined and based on the same wrong.  See Davis v. Prudential Securities, Inc., supra, 59 F.3d at 1195; Country Manors Assn., Inc. v. Master Antenna Sys., Inc., 534 So. 2d 1187, 1192-93 (Fla. App. 1988); Jacs v. Dubin, 830 So.2d 169, 172 (Fla. App. 2002); Green Companies, Inc. v. Kendall Racquetball Investment, Ltd., 658 So.2d 1119, 1122 (Fla. App. 1995).

Austin argues that the plaintiffs' securities claims and their fraudulent transfer claim are separate and distinct, and, thus, under Folta, she is entitled to fees for the Florida Securities and Investor Protection Act claims

upon which she prevailed.  The plaintiffs argue, on the other hand, that the claims are intertwined.

Unlike in <u>Folta</u> where the plaintiff was claiming different injuries arising from different events occurring at different times, here the plaintiffs are alleging claims that all arose out of the same continuing and closely related wrongs.  The interrelationship of the Florida securities claims and the fraudulent transfer claim is reflected in the following discussion by the court of appeals concerning whether the plaintiffs were creditors of Reiser and Austin within the meaning of the Uniform Fraudulent Transfer Act (Doc. 391, pp. 14-15):

> We conclude that[,] under the language of the statute[,] the plaintiffs are creditors and have valid claims to recover the $190,000 of fraudulent transfers.  Based on fraudulent representations about the business and its assets, the plaintiffs invested over $1 million dollars in this company.  These fraudulent misrepresentations induced the plaintiffs into investing in this company.  Within months of this investment, the company went under, the money disappeared and the plaintiffs lost their investment.  The jury found that the plaintiffs were fraudulently induced into investing in this corporation. By virtue of such, the plaintiffs clearly became "creditors" as defined in the statute.  It is undisputed that Austin committed the act of

> fraudulently transferring assets from the corporation. Austin and her husband took $190,000 of the plaintiffs['] invested money and used it for non-business personal purposes, monies that could have been used to pay back the plaintiffs.

These circumstances appear sufficient to make the securities claims and the fraudulent transfer claim interrelated so that Austin cannot be considered a prevailing party under §517.211(6), Fla. Stat.

In any event, even if, as Austin contends, the claims are separate and distinct so that she could be a prevailing party, I would still recommend against the award of attorneys' fees on the ground that such an award would be unjust. As indicated, §517.211(6), Fla. Stat., provides that the court shall not award attorneys' fees if "the award of such fees would be unjust."

While Austin did not "personally" participate in the sale of unregistered securities and apparently did not personally make any false representations, she was fully involved in the business that was funded by the fraudulent scheme. Thus, as the court of appeals explained, Austin was co-owner, Vice-President and Registered Agent of the company and was primarily responsible for all of the business aspects of the corporation (Doc. 391, pp. 3, 8-9). The court added that "[t]he evidence clearly demonstrates

that Austin was an officer and director of this corporation" (id. at p. 9).
Moreover, she benefitted from at least the $190,000 in fraudulent transfers,
and, as Reiser's wife, she in all likelihood enjoyed far more of the $1,025,316
that was obtained by fraud.

Under these circumstances, an award of attorneys' fees in the
requested amount of $321,418.62 would be patently unjust.  See Newsom v.
Dean Witter Reynolds, Inc., 558 So.2d 1076, 1077 (Fla. App. 1990).  Such an
award would completely negate the recovery of the fraudulent transfer, as well
as the award of costs for prevailing on that claim.  Indeed, it would result in
the defrauded plaintiffs owing a beneficiary of the fraud over $100,000.  In
my view, there is no justification for such an outcome.

IV.

For the foregoing reasons, I recommend that Plaintiffs' Motion
for Award of Attorneys' Fees and Costs (Doc. 360-1) be granted, and that the
plaintiffs be awarded $710,533 in attorneys' fees against defendant Reiser,
and that costs of $25,113.97 be awarded against defendants Reiser and Austin.
In addition, I recommend that Defendant Austin's Motion for Attorneys' Fees
and Costs (Doc. 363) be denied.

26

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: NOV. 14, 2006

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).